**UNITED FIBERTECH, LTD.; Kevin T. Twohy, Tax Matters Partner, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE, Appellee.**

**No. 92–1265.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1992.

Decided Sept. 24, 1992.

Robert B. Martin, Jr., Pasadena, Cal., argued, for appellants.

---

## 446

Mary Francis Clark, Washington, D.C., argued (Gary R. Allen, James A. Bruton and Richard Farber, on the brief), for appellee.

Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

PER CURIAM.

United Fibertech, Ltd. appeals the tax court's order denying it a tax deduction under 26 U.S.C. § 174(a)(1) (1988). We affirm.

The facts are fully developed in the tax court's opinion reported at *United Fibertech, Ltd. v. Commissioner*, 62 T.C.M. (CCH) 699 (1991), and we do not repeat them here. Fibertech contends it is entitled to a tax deduction under section 174(a)(1) for research and experimental expenditures paid in connection with a trade or business. The tax court found that Fibertech paid another company to conduct research and that Fibertech never intended directly to manufacture or market the product resulting from the research. Instead, Fibertech acted as a passive investor hoping to receive royalties on the investment. Thus, the tax court concluded Fibertech's expenditures were not paid in connection with a trade or business. *See, e.g., Nickeson v. Commissioner*, 962 F.2d 973 (10th Cir.1992); *Diamond v. Commissioner*, 930 F.2d 372 (4th Cir.1991); *Zink v. United States*, 929 F.2d 1015 (5th Cir.1991) (per curiam); *Spellman v. Commissioner*, 845 F.2d 148 (7th Cir.1988); *Property Growth Co. v. Commissioner*, 55 T.C.M. (CCH) 1072 (1988), *aff'd*, 889 F.2d 1090 (8th Cir.1989).

Fibertech contends *Snow v. Commissioner*, 416 U.S. 500, 94 S.Ct. 1876, 40 L.Ed.2d 336 (1974), requires a contrary result. We disagree. In *Snow*, the Supreme Court "established that deductions under section 174 could be claimed in connection with a trade or business even though the taxpayer was not *currently* producing or selling any product." *Zink*, 929 F.2d at 1021 (emphasis added). The Supreme Court did not consider the question whether a passive investor like Fibertech was entitled to the deduction. In addition, the company in *Snow* intended to and later did manufacture and market its developed product. *Snow*, 416 U.S. at 502 n. 3, 94 S.Ct. at 1878 n. 3. Thus, *Snow* does not dictate a different result in this case. After carefully reviewing the record, we conclude the tax court properly construed the applicable law.

Accordingly, we affirm.